UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SONJI BLACK BEAR,<br><br>Plaintiff,<br><br>vs.<br><br>STACY WICKRE; JENNIFER ODEGARD; SD DEPARTMENT OF SOCIAL SERVICES; and SHAWNDAI STANDING CLOUD,<br><br>Defendants. | 5:24-CV-05065-RAL<br><br>ORDER SEALING ATTACHMENTS CONTAINING MINORS' IDENTIFYING INFORMATION |

Plaintiff Sonji Black Bear filed a pro se lawsuit under 42 U.S.C. §§ 1983 and 1985. Doc. 1 at 1. Black Bear submitted attachments to her complaint, which included documents identifying her minor grandchildren by their full name and birthdate. See Doc. 1-1 at 5–11. This Court's local rules require that parties "refrain from including, or must partially redact where inclusion is necessary . . . personal data identifiers[,]" including full names of individuals known to be a minor and dates of birth, "from all pleadings and papers filed, including exhibits thereto, unless otherwise ordered by the court[.]" D.S.D. Civ. LR 5.2(A). Several courts have held that courts can sua sponte order that documents be sealed or redacted when the documents contain sensitive identifying information. Middlebrooks v. Equifax, Inc., 2023 U.S. Dist. LEXIS 38416, at *2–3 (N.D. Ga. Jan. 20, 2023) (collecting cases). Thus, this Court sua sponte orders the Clerk of Court to seal the attachments to Black Bear's complaint, Doc. 1-1. Because Black Bear's supplement, Doc. 8, contains many of the same exhibits as Doc. 1-1 but does not include the documents

containing identifying information, this Court does not find it necessary to order Black Bear to file redacted versions of the documents filed in Doc. 1-1.

Accordingly, it is ORDERED that the Clerk of Court is directed to seal the attachments to Black Bear's complaint, Doc. 1-1.

DATED December 31st, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

2